UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| ANDREW O'SHEA, individually and on behalf of all those similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 4:16-CV-015 JD ) |
| MARISOL MARTINEZ, et al., | ) ) |
| Defendants. | ) |

ORDER

Plaintiff Andrew O'Shea filed an amended putative-class-action complaint on May 16, 2016, which brings civil Racketeer Influenced and Corrupt Organizations Act (RICO) claims against Defendants James Harding, Marisol Martinez and Ruben Hernandez. [DE 19]. He contends that the Defendants–employees of the Indiana Packers Corporation (IPC)–used falsified immigration documents and made false attestations to hire employees that were not authorized to work in the United States, depressing the wages of IPC's legal employees. [DE 19]. The Defendants responded with a motion to dismiss the amended complaint in its entirety. [DE 24]. They argue, among other things, that the Plaintiff has failed to plausibly plead his claims.

On October 11, 2016, the undersigned referred the Defendants' motion to dismiss to Magistrate Judge John E. Martin for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b) and Northern District of Indiana Local Rule 72.1(c). [DE 32]. On February 10, 2017, Magistrate Judge Martin issued his Report and Recommendation [DE 35], which recommends that the Court dismiss the Plaintiff's amended complaint in its entirety.

The Court's review of a Magistrate Judge's report and recommendation is governed by

28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Under Fed. R. Civ. P. 72(b), however, the Court must only make a *de novo* determination of those portions of the Magistrate Judge's report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); Fed. R. Civ. P. 72(b). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id.* In addition, failure to file objections with the district court "waives the right to appeal all issues addressed in the recommendation, both factual and legal." *Id.* Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Both 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b) require the parties to file objections to a report and recommendation within fourteen days of being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). More than 14 days have passed since the parties were served with Magistrate Judge Martin's Report and Recommendation and no party has filed an objection. Consequently, because the time period for objections has passed, the Court considers there to be no objection to Magistrate Judge Martin's Report and Recommendation.

Having reviewed that Report and Recommendation, the Court finds no clear error therein. The Court concurs that, while depressed wages may constitute damage to business or

property under RICO's standing provision, the Plaintiff has failed to allege an adequate benchmark wage to support his damages claim. He alleges only that the Plaintiff's wages were depressed relative to other high-school-dropout workers, not high-school-dropout workers with a recent injury, criminal conviction or unstable work history like the Plaintiff. Similarly, the Plaintiff has not sufficiently alleged a causal relationship between the Defendants' purported conduct and his depressed wages. Thus, the Plaintiff lacks standing to pursue his RICO claim.

However, if he can overcome that obstacle, the Court likewise concurs with the Magistrate Judge that the Plaintiff has sufficiently alleged RICO conduct and a pattern of racketeering activity under § 1962(c). While the Defendants may not have been high-level executives, an employee need not be at the top of the corporate echelon to satisfy RICO's conduct test. *See United States v. Otero*, 37 F.3d 739, 751 (1st Cir. 1994). Further, the Plaintiff alleges that the Defendants repeatedly accepted fraudulent immigration paperwork and made false representations as to the immigration status of ICP employees. While he may not yet have provided the precise details of that purported fraud, "Rule 9(b) does not require plaintiffs to plead facts to which they lack access prior to discovery." *Armada (Singapore) PTE Ltd. v. AMCOL Int'l Corp.*, No. 13 C 3455, 2013 WL 5781845, at *3 (N.D. Ill. Oct. 25, 2013).

Finally, though the Plaintiff lacks standing to pursue it, his amended complaint otherwise sufficiently alleges a conspiracy claim under § 1962(d). It asserts that the Defendants agreed for Martinez and Hernandez "to carry out the Scheme in the manner described above." [DE 19 at 16]. While contrite, that does suffice to appraise the Defendants of the nature of the Plaintiff's claim: that the Defendants conspired to violate § 1962(c) as described throughout the amended complaint in violation of § 1962(d). Lastly, while the Defendants argue that any agreement

3

ought to be defeated by the intracorporate conspiracy doctrine, that is not so where, as here, the Defendants allegedly conspired with each other rather than with their employer. *See Webster v. Omnitrition Int'l, Inc.*, 79 F.3d 776, 787 (9th Cir. 1996).

As such, the Court finds no clear error in Magistrate Judge Martin's conclusions. It thus **ADOPTS** Magistrate Judge Martin's Report and Recommendation [DE 35] in its entirety and incorporates that Report and Recommendation into this order. The Court **GRANTS** the Defendants' motion to dismiss [DE 24] and **DISMISSES** the Plaintiff's complaint without prejudice.

Finally, the Court notes that a separate motion to dismiss remains pending as to the Plaintiff's original complaint. [DE 17]. However, because the Plaintiff since filed the amended complaint at issue in this order, the initial complaint which is the subject of the [DE 17] motion to dismiss is of no further effect. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) ("Once an amended pleading is filed, it supersedes the prior pleading.") (citing *Wellness Community-National v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995)); *Barnett v. Daley*, 32 F.3d 1196, 1198 (7th Cir. 1994); *Buck v. New York Cent. R.R.*, 275 F.2d 292, 293 (7th Cir. 1960). Accordingly, the Plaintiff's initial complaint [DE 1] is a nullity and the motion to dismiss filed in regard to that complaint [DE 17] is **DENIED AS MOOT**.

SO ORDERED.

ENTERED: March 14, 2017

                                                        /s/ JON E. DEGUILIO
                                                        Judge
                                                        United States District Court